IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| JEROME CASIMIR,<br>Plaintiff, | ) <br> ) <br> ) | CIVIL ACTION <br><br> 20-C-0274 |
| Vs | ) <br> ) | |
| BRIDGECREST ACCEPTANCE CORPORATION;<br>DriveTime Automotive Group, Inc.; DriveTime Car<br>Sales Company LLC and CARVANA LLC.<br>Defendants. | ) <br> ) <br> ) <br> ) <br> ) | AMENDED COMPLAINT<br>AMOUNT REQUESTED $ 150,000.00 <br><br> JURY TRIAL DEMANDED<br>**REQUEST FOR INJUNCTION** |

## AMENDED COMPLAINT AND REQUEST FOR INJUNCTION

Plaintiff, Jerome J Casimir (hereinafter "Plaintiff"), against Defendants, BRIDGECREST ACCEPTANCE CORPORATION, with their Amended Complaint and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.; Wisconsin Consumer Act and **BREACH OF CONTRACT** and request $150,000.00.

More over Plaintiffs fell the act of defendant are those of racism in violation of Civil Rights Act et seq. (42 U.S.C. §1981 through 42 U.S.C. §1983) and defendants would have not commented this act if plaintiff were not an protective class.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and fees brought pursuant rule that creditors to furnish accurate and complete information regarding plaintiff credit history under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.("FCRA") and Civil Right Act et seq.

2. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

3. Plaintiff Amend Complaint to and include a cause of action of Breach of Contract as this is a federal-question and diversity action involving statutory claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, and common law claims under Wisconsin law. Plaintiffs assert claims against for Defendants federal unfair tortious interference with contract, breach of contract, and common law misappropriation. Further states as follows:

## JURISDICTION

4. Jurisdiction for this Court is conferred by 15 U.S.C. § 1681 (p) and 28 U.S.C. § 1331.

5. Venue is proper for this Court pursuant to 28. U.S.C. § 1391(b)(2).

6. The Court has supplemental jurisdiction over the state law Wisconsin Consumer Act claim under 28 U.S.C. §1367.

7. Venue is proper in this District as Plaintiff is a natural person and a resident of Milwaukee, Wisconsin; the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c). BRIDGECREAST ACCEPTANCE CORPORATION (hereinafter "BAC"), DriveTime Automotive Group, Inc.; and DriveTime Car Sales Company LLC

9. BRIDGECREAST ACCEPTANCE CORPORATION (hereinafter "BAC"), DriveTime Automotive Group, Inc.; DriveTime Car Sales Company LLC and CARVANA are all incorporated under the laws of the State of Arizona , and conduct business in the State of Wisconsin.

10. Upon information and belief, defendant plotted to discredit plaintiffs credit reporting by failure to furnish accurate and complete information regarding your credit history to "consumer reporting agency," as defined in 15 USC § 1681(f) of information plaintiff readily have knowledge and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing information of consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Upon information and belief, defendant disburses such consumer reports to third parties under contract for monetary compensation in act of business and have done so to harass, damage and discredit plaintiff.

12. Under the Wisconsin Consumer Act at DFI-WCA 1.85 Discrimination; unconscionable conduct. (1) Declaration of policy. It is the declared policy of the state of Wisconsin that no person shall be discriminated against in the granting or extension of any form of credit, or in the capacity or privilege of obtaining any form of credit, on a prohibited basis.

## FACTUAL ALLEGATIONS

13. In January 16, 2018, plaintiff made contract with CARVANA, LLC (AZ Corporate Entity ID: L17453586) to purchase a 2015 Cadillac XTS. No contract were enter with any of the other named defendants to purchase aforesaid auto.

14. Plaintiff never missed a monthly payment for over 3 years and defendants reported this account correctly to "CRA" monthly.

15. In February 2020, defendant removed plaintiff account from the CRA and refused to furnish accurate and complete information regarding plaintiff credit history under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") which caused plaintiff credit score to drop over 100 point as defendants.

16. In or around second week of February of 2020, Plaintiff was damaged while trying to ascertain a cheaper insurance rate negotiate wherein plaintiff **Discovered** defendant had removed his account from the CRA and unfortunately, plaintiff request in opening an account, due to BAC removal and failure to furnish accurate and complete information regarding your credit history under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## COUNT I

### Violations of the Fair Credit Reporting Act as to CARVANA LLC, and Bridgecrest Acceptance Corporation

17. Plaintiff re-alleges and incorporates paragraphs one (1) through nineteen (17) above as if fully set forth herein.

18. BAC violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

19. As a result of this conduct, action and inaction of BAC, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

20. BAC's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

21. BCA violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute through its representations Michael Donnelly; and failing to review all relevant information regarding same; by failing to refurnish report of an accurate account reports to credit reporting agency (CRA); and by failing to permanently and lawfully correct its own internal

records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

22. BAC violated 15 U.S.C. § 1681s-2(b) by not continuing to furnish accurate information to CRA after had been notified that the information at CRA was inaccurate and by BAC continuing the conduct, action and inaction of BAC, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

23. BAC's conduct, action and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

24. The Plaintiff is entitled to recover reasonable attorney's fees and costs from BAC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
### Violations in Breach of Contract as to
### CARVANA LLC, and Bridgecrest Acceptance Corporation

25. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 25 as though fully set forth herein.

26. Casimir's Agreement with CARVANA of January 17, 2018 including the Terms and Conditions that are incorporated, constitutes a valid and enforceable contract.

27. During the month of February 2020 defendants has and continues to breach the Affiliate Agreement and its incorporated Terms and Conditions. Specifically, Bridgecrest "BAC" has and continues to breach the Affiliate Agreement not reporting plaintiffs payments monthly of his account with the "CRA" information that defendants has in their custody and continues to breach this section of the Terms and Conditions endorsing by CARVANA in CREDIT FREORTING

NOTICE. (EXHIBIT "A"). Defendant in contract agreed to report all information positive and negative and has not performed all of its obligations under the Affiliate Agreement.

28. Defendant's conduct has also caused irreparable injury to Casimir's goodwill and reputation, an injury which is and continues to be ongoing and irreparable. Casimir's lacks an adequate remedy at law, and an award of monetary damages alone cannot fully compensate for its injuries. Accordingly, entitled to an injunction. Furthermore, because defendant's conduct has been willful and deceptive, this is an exceptional case.

WHEREFORE, Plaintiff prays that the Court enter judgment in its favor and against Defendants and award the following relief: (i) preliminarily enjoin Bridgecrest from falsely reporting Casimir's auto payment to the credit bureau (CRA) by reporting all accurate payments as stated in agreement of 1/17/18 Ex "A"; (ii) award treble damages in Casimir's favor and against Defendants in excess of $150,000.00; (iii) grant such other or further relief as the Court deems just and equitable.

## COUNT III
### TORTIOUS INTERFERENCE WITH CONTRACT

29. United repeats and realleges each and every allegation in Paragraphs 1 through 29 as though fully set forth herein.

30. Casimir's Contract of Carvana is a valid and enforceable contract. Has not fulfilled all of its contractual obligations in the Contracts NOTICE OF CREDIT REPORTING.

31. Defendants had knowledge plaintiff Contract including Section prohibitions relating to "NOTICE OF CREDIT REPORTING:

32. Defendants intentionally interfered with Casimir's Contracts of with its failure to report to CRA which is expressly prohibited in the Contract.

33. Defendant's intentional interference was done without justification.

34. As a result of these breaches, Casimir's has suffered and will continue to suffer damage, including but not limited to increased operating costs due to plaintiff had to drop his warranty coverage to pay court fees and disruptions; loss (The Equal Credit Opportunity Act [ECOA], 15 U.S.C. 1691 et seq.) from prospective customers who may not have not otherwise denied plaintiffs credit opportunities if it had not been for defendants conduct.

35. Defendant's conduct has also caused irreparable injury to Casimir's goodwill and reputation

36. Furthermore, because Defendant's has continued to operate in a way that, damages Casimir, despite his promises that he would cease and desist all such activity upon proper reporting (and ongoing attempts to hide same), defendant's conduct constitutes wanton and malicious behavior warranting punitive damages.

WHEREFORE, Plaintiff United prays that the Court enter judgment in its favor and against Defendants Bridgecrest Acceptance Corporation et al., and award relief: (i) preliminarily enjoin Defendants from tortuously interfering with Casimir's contracts; (ii) award actual and punitive damages in Casimir's favor and against defendants in excess of $150,000; (iii) grant such other or further relief as the Court deems just and equitable.

### Irreparable Injury COUNT VI

37. United repeats and realleges each and every allegation in Paragraphs 1 through 36 as though fully set forth herein.

38. Monetary damages at a later time would not adequately compensate for the injuries sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

39. Defendants action in removing account from CRA dropped plaintiff over 100 points is violation under FCRA and ECOA, this is egregious.

40. Appellate relief, though available, will not be an effective remedy as plaintiff will continue to be harmed under The Equal Credit Opportunity Act [ECOA], 15 U.S.C. 1691 et seq. through the appeal. Plaintiffs will suffer immediate irreparable harm at imminent risk of neglect, as a result of the Final Orders.

## COUNT V
### Violation of Civil Rights Act et seq. (42 U.S.C. §1981 through 42 U.S.C. §1983)

41. United repeats and realleges each and every allegation in Paragraphs 1 through 40 as though fully set forth herein.

42. Casimir also brings his 42 U.S.C. §1981 through 42 U.S.C. §1983 claims of race discrimination and retaliation only against Defendants in their official capacity.

43. These 42 U.S.C. §1981 through 42 U.S.C. §1983 claims are brought in a protected class based on race "Afro-America".

44. Casimir's was qualified for a positive reporting by defendants pursuing contract and under FCRA and has never missed any monthly payment.

45. Casimir's account was removed from the credit reporting agencies without notice to plaintiffs by defendants to discredit because of race.

46. People outside of the protected class are not selected for the action by defendants without notice or operation of normal business conduct and continued to breach agreement in contract.

47. Due to defendants act plaintiff suffer the loss of their car warranty because they had to pay court relating fees and could not make payment to their warranty company caused by this action, Loss of Equal Credit Opportunities, unable to complete an application for Mortgage and had to include expense totaling over $5,000.00.

## WHEREFORE PLAINTIFFS ASK THIS COURT:

A. Issue a temporary injunction during the pendency of this action, ordering Defendants et al.; Bridgecrest Acceptance Corporation "BAC" to immediately Cease and Desist its failure in reporting and to re-furnish plaintiff account to the Credit Reporting Agency (CRA) (Experian, Equifax, and TransUnion),) that Jerome J. Casimir gave/give plaintiff their $496.00 every month for the last 3 years and current on payments, that BAC' had reported, prior until January 2020.

b. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

c. That the Court grant Plaintiff all other relief the Court deems just and proper; and,

d. Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Bridgecrest Acceptance Corporation (BAC), to Plaintiff; award Plaintiff her reasonable fees of the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

Respectfully Submitted

This the 21th day of July, 2020.

JEROME J CASIMIR. Plaintiff-prose
3229 N 83rd Street
Milwaukee. WI. 53222
414-998-9272
casimirjerome@hotmail.com