IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JEROME J CASIMIR,<br>Plaintiff, | No. 20-cv-00274 |
| Vs | Honorable Judge<br>J P Stadtmueller, Presiding |
| BRIDGECREST ACCEPTANCE CORPORATION,<br>DriveTime Automotive Group, Inc.; DriveTime Car,<br>Sales Company LLC and CARVANA LLC.<br>Defendants. | MOTION FOR 30 DAY EXTENSION<br>OF TIME, IN WHICH, TO FILE<br>PLAINTIFFS RESPONSE TO<br>DEFENDANTS MOTION TO DISMISS |

**MOTION FOR 30 DAY EXTENSION OF TIME, IN WHICH, TO FILE
PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS**

Now comes Jerome Casimir with his motion for 30 day extension of time, in which, to file plaintiff's response to defendant motion to dismiss and states as follows:

On 11/18/20 defendants file their 12(b)(1) and 12(b)(5) motion to dismiss the above caption case as reply to complaint, in which, plaintiffs believes his response due in 21 days, on\or about 12/8/20. (Copies of email in attempts to mitigate action are attached as Exhibits).

On or about February 2020 plaintiff learn about the issues in complaint upon defendants when plaintiff was in process of two major projects, one was relocation from their Milwaukee resident to another Wisconsin resident; and the other was, arrangement of funding of/around $345,000.00 to rebuild and repair property damages of their 3story, 7 bedroom, 3baths, Greystone home/property in Illinois due to fire. Further Plaintiff wife had a stroke.

Upon learning of acts of defendants, in breach in contract, with Carvana, serviced by Bridgecrest, plaintiff contact defendants and requested them to correct the reporting or in this case, non-reporting of trade line in contract with Carvana for an auto purchase.

Plaintiff "Bridgecrest" refused citing a bankruptcy filing, that was dismissed, not pursued, nor did defendants preformed or confirmed to any bankruptcy laws, such as, a 60 days stay of any

payments and no monthly payments were missed upon this account, and in this case Defendants attempts are to not follow any bankruptcy laws but to apply adverse action because of the filing.

Lawsuit were filed by plaintiffs. In attempts to mitigate damages, and attempted settlement was talked about upon telephone conversation to avoid further litigation, wherein, defendants were to refund plaintiffs court fees and correct trade line reporting immediately, in which, none of these action were done properly and a scheme by defendants and was made against plaintiffs will or against the law, or that the judge did not respond to the facts provided in a logical manner.

The great majority of derivative actions are resolved by settlement, and such settlements are particularly favored by the courts because derivative actions are "notoriously difficult and unpredictable" (Maher v. Zapata Corp., 714 F.2d 436, 455 (5th Cir. 1983), citing Schimmel v. Goldman, 57 F.R.D. 481, 487 (S.D.N.Y. 1973)).

The standard of review used by a court when considering approval of the settlement of a derivative action is similar to that used by courts when approving class action settlements: "In reviewing the settlement of a derivative suit, the Court must assess, using its business judgment, whether the settlement terms are fair, reasonable, and adequate" (Ryan ex rel. Maxim Integrated Prods. v. Gifford, No. 2213- CC, 2009 Del. Ch. LEXIS 1, at *16 (Del. Ch. Jan. 2, 2009)). In making this assessment in Stepak v. Ross, 11 Del. J. Corp. L. 1011 (Del. Ch. 1985) (Stepak), the Delaware Court of Chancery took into account "the nature of the claim, possible defenses and the legal and factual obstacles facing plaintiffs in the event of trial" and concluded that the proposed settlement of the derivative shareholder claims in several consolidated actions was "fair to all concerned" (Stepak at 1017–19).

Although a bankruptcy court is required to hold a hearing, it is not required to conduct an independent investigation or a mini trial on the merits (In re Drexel Burnham Lambert Group, Inc.,

134 B.R. 493, 496 (S.D.N.Y. 1991) (Drexel)). Instead, the court must "make an informed, independent judgment as to whether a settlement is 'fair and equitable' and 'in the best interests of the estate'" (Drexel at 496, quoting Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968), reh. denied, Protective Committee for Independent Stockholders etc. v. Anderson, 391 U.S. 909 (1968), on remand, TMT Trailer Ferry, Inc. v. Kirkland, 471 F.2d 10 (5th Cir. 1972)).

Wherefore plaintiffs request the court allow a thirty (30) day extension of time, in which, to file a response to defendants reply to and on January 7, 2021, and/or set a briefing scheduling in this case, and/or deny plaintiff request for dismissal.

Respectfully submitted

JEROME CASIMIR

Mr. JEROME CASIMIR, Plaintiff
3229 N 83nd ST
MILWAUKEE WI 53222
414-998-9272
Casimirj3620@gmail.com

