IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED
2021 FEB 17 P 3: 25
CLERK OF COURT

JEROME J CASIMIR,
Plaintiff,

No. 20-cv-00274

Vs

Honorable Judge
J P Stadtmueller, Presiding

BRIDGECREST ACCEPTANCE CORPORATION,
DriveTime Automotive Group, Inc.; DriveTime Car,
Sales Company LLC and CARVANA LLC.
Defendants.

AMENDED
PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT TO
MOTION TO DISMISS

## AMENDED PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

Now comes Jerome Casimir with plaintiff's response to defendant motion to dismiss and states as follows:

Federal Court Requires **"Meeting of the Minds"** To Enforce Arbitration Agreement, Defendant's executed agreement, written and prepared by defendants, were to comprise refund of filing fees, as discussed, speedily to mitigate damages, and would have, in fact, ended this case.

Defendants lucked-up, because I never has any problems with "Carvana" and their breach could have cured rapidly as plaintiff, without an injunction, was/were afraid because the world and America was/were heading into a pandemic, the media and government was telling us, you can't move, wear a mask, don't touch nothing you can die and being "Black", we figure, we be the first to die due to disparities in America corporate systems, discrimination, shooting of Black people were on raise, people were marching, looting and burning and my wife had a serval paralyzing stoke, that she was not supposed to survived, as senior citizen's plus I need a new pair of glasses.

Plaintiff had no problem with Carvana LLC., and/was relocating to be safer during this America pandemic and believe to have made an agreement upon information and belief with Carvana LLC, that would speedily return my filing fees and reinstate my trade line because I used my extended car warranty premium to pay filing fees, that would reinstated upon rendering the

missed premium, but defendants after they received the agreement stated we (defendants) haven't seen any receipt that you have/paid any filing fees and failed to reimburse my money speedily.

Defendant "DriveTime" further did not speedily return my fees, demanded a dismissal and my trade line was inaccurately reported about 5(five) months in payments.

Plaintiff thereafter incurred addition expense due to defendant's for car repairs caused by pot holes in an amount exceeding $3500.00 that were not covered because I missed premium and they never refunded my court fees.

Upon closer review of the agreement plaintiff realized I were not dealing with Carvana LLC whom contracted with, but DriveTime that I had no contract with, whom I had an earlier dispute so I amended the complaint that is now upon this motion to dismiss.

Plaintiff only agreed to dismiss their complaint as a quick effort to mitigate damages with "Carvana LLC" by re-establishment Plaintiff Trade line and returning of filing fees, so I could continual my energies in moving forth with some rental and home buying agreement in negotiation, I had had, to relocate residency quickly, it became precarious as my current rental agreement were to expires in June 2020.

The next thing I knew I were in contract with DriveTime LLC., by agreement and from my familiarity with DriveTime LLC., as its been alleged "DriveTime" an assemblage that assembly with government tax agencies and others that acts similar to a host of soft hooligan's under an Unconscionable Settlement or clause as the three days dismissal and for my money/fees to be returned were not going to happen.

Defendants never return my filing fees, missed about 5 (five) months in payment reporting upon my trade line breaching the settlement agreement as these must be one of those groups of people that enjoy harming, discredit and live to destroying American.

2

On 4/30/2019 I filed a bankruptcy that was dismissed on 7/3/2019, never re-filed, my intend were paying off my debt. Generally bankruptcy courts reduce the balance owed on a car, you can retain/keep your car, farther under Bankruptcy rules, your payments are stayed for 30 days, defendants never stayed any payments, all monthly payment were made each month, never missed a payments for 3 years and there groups of people maybe upset about you paying your bills because they "DriveTime" may want to steal from you and resale the auto.

Ten (10) months later, in February 2020, Defendant removed my Trade line, not once followed any Bankruptcy laws for a 30 day stay, it's been alleged, these sort of people want to discriminate under FCRA as whispered, these type of people enjoy to discredit American with a demeanor, we think we shrewd, when we try to follow the law, pay our bills because they want to discriminate credit and rip-off people.

The courts has found unconscionable agreement, unenforceable when parties did not have a "meeting of the minds".

## ARGUMENT IN RESPONSE

**I.  Bridgecrest Service Is Sufficient Service For DriveTime Automotive Group, Inc. DriveTime Car Sales Company LLC and Carvana Entity for Process**

Defendants' "BRIDGECREST ACCEPTANCE CORPORATION, filed an ambiguous 12(b)5, (DKT#12), dismissal motion for all defendants citing insufficient service by its mysteriously appearances, disappearance and reappearance acts as agent by motion, as to, service for "DriveTime Car Sales Company, LLC, and DriveTime Automotive Group, LLC (Both register same address with AZ Sectary of State) and corporate partners. (Attached AZ Secretary of States Registration as Ex "1, 2 & 3"), referring "Bridgecrest" (DKT#14 @ paragraph 1 and 5) was served, that are, in fact, the all have the same address and staff. **(EX. 1, 2, 3).**

3

Defendant as Bridgecrest Acceptance Corporation, LLC ("BAC") made Declaration they are connected to all other Defendants (DKT#14 @ paragraph 1 and 5) as served agent appearing as counsel for "BRIDGECREST" and all entities in complaint including Carvana LLC.

Plaintiff service upon defendant "BRIDGECREST" on 10/27/20 (DKT#11), as named in Amended Complaint (DKT#5) comport to service upon "DriveTime Car Sales Company, LLC, and DriveTime Automotive Group, LLC (Both register same address with AZ Sectary of State)" as corporate to be aware of lawsuit filed against them. 9th Cir stated that, if plaintiffs is unable to demonstrate effective service, the court has discretion to either dismiss or retain action. *Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389.*

Plaintiffs' assertions of authority as legal agent of Carvana LLC, in plaintiff contract (DKT#14-2), appeared as all party in an arbitration agreement (DKT#14-3) and pending motion (DKT#14 @ paragraph 1 and 5) then mysteriously disappearance for assertions of authority for "Carvana" service and now requesting the court for reappearance to order arbitration in a dismissal motion to administer a "Carvana" contract under agreement (DKT#14-3).

Wherein Plaintiffs request the court deny defendants motion of insufficient services to defendants "Bridgecrest and DriveTime" as served (DKT#11), (both having at the same address and staff),); and other defendant by their mysteriously appearances, disappearance and reappearance acts as authority agent for "Carvana LLC".

Alternatively issue summons to Carvana as a separate entity, that I had no dispute until they allowed DriveTime administer my contract and the only reason I made agreement (DKT#14-3), I believed I were dealing with Carvana not DriveTime.

4

**II**       **Bridgecrest and DriveTime LLC Unconscionable Agreement In Unjust Enrichment Is Unenforceable To Comport To A Meeting Of The Mind District Courts Holds Jurisdiction As Motion For Summary Judgment.**

Defendants argue an unconscionable clause as their merits to a dismissal (Wherein plaintiff received no consideration value) this does not comport to a "Meeting of Minds" in agreement (DKT#14-3) rendering it unenforceable by law.

### This Is Prohibited in the State of Wisconsin.

#### 402.302 Unconscionable contract or clause.
(1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

(2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.

Unconscionability requires an absence of meaningful choice on the part of one party, together with contract terms that are unreasonably favorable to the other. To find unconscionability requires a certain quantum of both procedural and substantive unconscionability. Procedural unconscionability bears on a meeting of the minds, while substantive unconscionability pertains to the reasonableness of the contract terms themselves. *Deminsky v. Arlington Plastics Machinery*, 2003 WI 15, 259 Wis. 2d 587, 657 N.W.2d 411, 01-0242. Conspicuousness necessary for effective warranty disclaimer is discussed. *H.B. Fuller Co. v. Kinetic Systems, Inc.*, 932 F.2d 681 (1991).

### A. Doctrine Of unjust Enrichment Exist By Defendants Act.

The doctrine of unjust enrichment allows a plaintiff to recover from a defendant, without the benefit of an enforceable contractual obligation, where the defendant has unfairly benefited from the plaintiff's efforts without compensation. In New York, the elements of an unjust enrichment claim are "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 182 (2011).

*UCC§ 2-30. (1) If the court as a matter of law finds the contractor any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.     (2) When it is claimed or appears to the court that the contractor any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.*

5

### B. Courts May Treated As A Motion For Summary Judgment.

Federal Court Requires "Meeting of the Minds" To Enforce Arbitration Agreement and defendants executed agreement were not within the discussed terms to comport to a meeting of our minds, in that, plaintiff needed a new pair a glass and could not fully read the terms but trusted that our verbal understanding was within its contents, pursuing a speedy actions.

The defendants intends to comport to an unjust enrichment underpins the remedy. The essence of the principle is that it requires a defendant 'to make fair and just restitution derived at the expense of a plaintiff.

*In Kennedy v. ADF Mid Atlantic, LLC*, The Court Refuses to Enforce the Arbitration Agreement and determined that motions to compel arbitration exist in the netherworld between a motion to dismiss and a motion for summary judgment. *Caire v.Conifer Value Based Care, LLC, 982 F. Supp.2d 582, 589 (D.Md.2013).*

Further, it said, if "the formation or validity of the arbitration agreement is in dispute, a motion to compel arbitration is treated as one for summary judgment." Id. When addressing a motion for summary judgment, the Court follows this standard: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Fed.R.Civ. P. 56(a)**; *Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)).*

### C. Defendants Motion Dose not Present Evident To Dispute A Trial.

The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).*

6

If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. See *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).*

However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris, 550 U.S. 372, 378 (2007); Iko v.Shreve, 535 F.3d 225, 230 (4th Cir. 2008),* who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial.

Under the Federal Arbitration Act ("FAA"), "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Consequently, a suit or proceeding brought "upon any issue referable to arbitration under an agreement in writing for such arbitration" must be stayed by the court upon application by one of the parties and "upon being satisfied that the issue involved in such suit or proceeding is preferable to arbitration under such an agreement." 9 U.S.C. § 3.

The merits in complaint cannot be solved by arbitration, as to, FCRA, ECOA or Bankruptcy Code nor defendants' affidavit and pleading must show a genuine dispute for trial.

7

### III. Defendants Memorandum And Affidavit Do Not Dispute Genuine Issue To In Merits of Complaint in Breach of FCRA To Dispute Trial By its Policy

Defendants motion only assertion to the genuine issue at merits in complaint, in their reply, was based on a Bankruptcy filing, that this is company policy to remove trade line. These was done after (10) moths of the bankruptcy filing and after (7) months of its dismissal.

### D. Defendants Policy Cannot Regulate And Arbitrate Bankruptcy Laws.

Defendants pleading dose not cite any reference to the Bankruptcy code, nor did they followed any bankruptcy rules that has a mandatory stay under **Section 362 of the United States Bankruptcy Code.**

Defendants' pleadings, in their "Motion, Memorandum or Affidavit" cite no reference to the genuine issue of material facts of their Breach under the FCRA or ECOA allegation in merit of the complaint, they simple claim, it's our policy to remove trade line when we find out somebody filed bankruptcy and toke no farther action under Bankruptcy Laws.

Defendants must show by affidavit evidentiary setting of specific facts, showing a genuine dispute for trial, not just pointing to an arbitration agreement claiming jurisdiction over the court in resolving Bankruptcy Code or FCRA Breach, in merit of complaint of laws promulgated by The Congress of The United States by way of an ambiguous unconscionable agreement. *Scott v. Harris, 550 U.S. 372, 378 (2007); Iko v.Shreve, 535 F.3d 225, 230 (4th Cir. 2008),* may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial.

### E. Defendants Policy Cannot Regulate And Arbitrate FCRA And ECOA Laws.

The Federal Fair Credit Reporting Act ("FCRA") governs furnishers and specifically requires under 15 USC, § 1681s-2(a) (1) (A) the furnishers report only accurate information. In that the

installment payments due were paid late during the periods in which a delinquency was reported, Defendants must report this information for those periods.

The Complaint in merit, is pursuant a breach in the contract (DKT#14-2) in accurate reports of trade Line upon the Contract with Carvana (see Pl, Comp Exhibit DKT#5-2) and promulgated under 15 USC Section 1681(FCRA), upon the removal of the trade line in February 2019.

Plaintiff in February refused to reinstate the trade line upon telephone conversation and a lawsuit was filed alleging FCRA and Contract Breach (DKT#5-2), as defendants policy cannot regulate Bankruptcy, FCRA and State laws.

## IV. Defendants Breach Their Own Settlement Agreement By Inaccurate Reporting Of Trade Line Under Ambiguous Unconscionable Settlement Agreement That Missed Five Months Of Reporting.

Defendant reinstatement of the trade line **"STILL"** inaccurate reported five(5) months of missing payment to the credit bureaus and/is a breach to the settlement agreement(DKT#14-3) that defendant now seeking the court to relied on for their dismissal.

Again Defendants breach their own settlement agreement as they did in the Contract "in chief" and is requesting the court to allowed them to breach their own agreement by dismissing this cause under The Federal Fair Credit Reporting Act ("FCRA") under 15 USC, § 1681s-2(a)(1)(A) the furnishers report only accurate information. In that the installment payments due were paid late during the periods in which a delinquency was reported, they must report this information for those periods.

Earlier this fall, a federal court granted a trade association's motion for a declaratory judgment against the Maine attorney general and the superintendent of Maine's Bureau of Consumer Credit Protection. The litigation concerned amendments the Maine legislature enacted

9

to the Maine Fair Credit Reporting Act. *Consumer Data Indus. Ass'n v. Frey, 2020 U.S. Dist. LEXIS 187061 (D. Me. 2020)*.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . ." Because the federal district court had original jurisdiction over the FCRA claim, it could be removed. Second, under 28 U.S.C. § 1441(c), as long as the federal district court had supplemental jurisdiction over any additional state law claims, the entire lawsuit could be removed.

A district court need not sever and remand a state law cause of action unless the district court lacks supplemental jurisdiction under 28 U.S.C. § 1367. In this case, the district court found that, because any potential state law claim "form[s] part of the same case or controversy" as the FCRA claim, the district court retained jurisdiction over the entire case, and denied the motion to remand.

Great majority of derivative actions are resolved by settlement, and such settlements are particularly favored by the courts because derivative actions are "notoriously difficult and unpredictable" (Maher v. Zapata Corp., 714 F.2d 436, 455 (5th Cir. 1983), citing *Schimmel v. Goldman,* 57 F.R.D. 481, 487 (S.D.N.Y. 1973)).

The standard of review used by a court when considering approval of the settlement of a derivative action is similar to that used by courts when approving class action settlements: "In reviewing the settlement of a derivative suit, the Court must assess, using its business judgment, whether the settlement terms are fair, reasonable, and adequate" (Ryan ex rel. Maxim Integrated *Prods. v. Gifford,* No. 2213- CC, 2009 Del. Ch. LEXIS 1, at *16 (Del. Ch. Jan. 2, 2009)).

In making this assessment in *Stepak v. Ross*, 11 Del. J. Corp. L. 1011 (Del. Ch. 1985) (Stepak), Delaware Court of Chancery took into account "the nature of the claim, possible defenses

10

and the legal and factual obstacles facing plaintiffs in the event of trial" and concluded that the proposed settlement of the derivative shareholder claims in several consolidated actions was "fair to all concerned" (Stepak at 1017–19).

Although a bankruptcy court is required to hold a hearing, it is not required to conduct an independent investigation or a mini trial on the merits (In re *Drexel Burnham Lambert Group, Inc.,* 134 B.R. 493, 496 (S.D.N.Y. 1991) (Drexel)). Instead, the court must "make an informed, independent judgment as to whether a settlement is 'fair and equitable' and 'in the best interests of the estate'" (Drexel at 496, quoting Protective Committee for Independent Stockholders of TMT *Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968), reh. denied, *Protective Committee for Independent Stockholders etc. v. Anderson,* 391 U.S. 909 (1968), on remand, TMT Trailer Ferry, Inc. v. Kirkland, 471 F.2d 10 (5th Cir. 1972)).

Defendants want to collect monthly payments, disregard Bankruptcy and FRCA Laws, that cause plaintiff more than $3500.00 in expenses, recoup attorney fees for their breach by unconscionable settlement agreement for an unjust enrichment by dismissing Congressional regulations and federal jurisdiction upon arbitration.

Wherefore plaintiff ask the court to deny defendants motion to dismiss for arbitration.

Respectfully submitted

JEROME CASIMIR

Mr. JEROME CASIMIR, Plaintiff
3229 N 83nd ST
MILWAUKEE WI 53222
414-998-9272
Casimirj3620@gmail.com

11